### KIMBLE *v.* STATE.

4390                                                189 S. W. 2d 643

Opinion delivered October 1, 1945.

J. H. *Spears,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

McHANEY, J. Appellant was charged by information with murder in the first degree for the shooting and

killing of Will Smith on September 28, 1944. In February, 1945, he was tried, convicted of murder in the second degree, and sentenced to 21 years in the penitentiary.

The only ground urged for a reversal of the judgment is that the evidence against him is not sufficient to sustain the verdict.

In determining this question, it is the long established rule in this court that if there is any substantial evidence to support the verdict, when viewed in the light most favorable to the State, it is sufficient and the verdict must be permitted to stand. When the evidence is viewed in the light of this rule we find it amply sufficient. Several witnesses for the State testified that the appellant came to the deceased on or about the store porch of the Danner plantation and asked deceased to pay him the $10 he owed him. The deceased said he didn't owe him anything, according to one witness, and, according to others, he said "Go ahead, I don't want to have nothing to do with you, I'm not bothering you." And then, without further words or action on the part of deceased, appellant drew a pistol which he carried in a scabbard on his left side under a raincoat and shot the deceased twice, from which he died some time later. There was some evidence of previous trouble between them, of threats made by the deceased to kill appellant and of deceased's bad reputation for peace and quietude, —all of which went to the jury in support of appellant's plea of self-defense. The jury did not accept his plea and we think properly so. It appears to us from the record before us, as no doubt it did to the jury, that appellant maliciously killed the deceased in an effort to collect the $10 he claimed was due him. While appellant testified that deceased advanced upon him in a threatening manner, he was not supported by any other witness to the shooting. In any view of the case, the evidence is amply sufficient to support the verdict and the judgment is, accordingly, affirmed.